IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN MATTHEWS | : | CIVIL ACTION |
| v. | : | |
| WESTIN WASHINGTON DULLES HOTEL, et al. | : | NO. 13-143 |

FILED
FEB 1 2 2013
MICHAEL E. KUNZ Clerk
By_____Dep. Clerk

MEMORANDUM

DAVIS, J.                                                FEBRUARY 12, 2013

Currently before the Court is plaintiff John Matthews's pro se amended complaint. For the following reasons, the Court will dismiss the amended complaint for lack of subject matter jurisdiction without prejudice to plaintiff filing a second amended complaint.

Plaintiff initially brought this action against the Westin Washington Dulles Hotel and Starwood, Inc., alleging that the defendants' employees violated his constitutional rights, defamed him, and caused him emotional distress during an event that plaintiff planned at the hotel through his company, Departure Travel. In a January 22, 2013 order, the Court granted plaintiff leave to proceed in forma pauperis, and dismissed his constitutional claims with prejudice because none of the defendants are state actors for purposes of 42 U.S.C. § 1983. As it was not clear whether diversity jurisdiction existed over plaintiff's state law claims, the Court dismissed those claims without prejudice to plaintiff filing an amended complaint.

In his amended complaint, plaintiff named an additional defendant, Starwood Hotels & Resorts Worldwide, Inc., in the

1

caption. He alleges that Westin Washington Dulles is a Virginia Company, and appears to be alleging that Starwood Inc. is a Connecticut company with principal places of business in Connecticut and Virginia. He does not make any allegations as to the citizenship of Starwood Hotels & Resorts Worldwide, Inc. Additionally, the amended complaint suggests that the plaintiff, who is identified as a resident of Pennsylvania, is attempting to bring claims on behalf of Departure Travel, which is identified as a Pennsylvania company. The substantive allegations of the amended complaint are essentially the same as the allegations of the initial complaint.

Corporations and other artificial entities may appear in federal court only through licensed counsel. See Rowland v. California Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 201-02 (1993); Dukes v. Lancer Ins. Co., 390 F. App'x 159, 161 n.1 (3d Cir. 2010) (per curiam). Furthermore, an artificial entity is not a "person" within the meaning of 28 U.S.C. § 1915, the statute that allows a "person" to proceed in forma pauperis. See Rowland, 506 U.S. at 201-02. Accordingly, plaintiff, a non-attorney who is proceeding in forma pauperis, may not represent Departure Travel in this action. The Court will therefore dismiss any claims brought on Departure Travel's behalf without prejudice to Departure Travel's reassertion of those claims through counsel after paying the applicable filing fee.

"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

Fed. R. Civ. P. 12(h)(3). The only possible basis for this Court's subject matter jurisdiction is diversity jurisdiction under 28 U.S.C. § 1332. A federal district court has diversity jurisdiction over a case where "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1).

Plaintiff was informed in this Court's January 22, 2013 order that "[a] corporation is a citizen 'of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business.'" (Jan. 22, 2013 Order, Document No. 4 (quoting 28 U.S.C. § 1332(c)(1)).) Nevertheless, his amended complaint does not state the principal place of business of defendant Westin Washington Dulles, which is identified as a Virginia Company, and does not state the citizenship of defendant Starwood Hotels & Resorts Worldwide, Inc. at all.[1] Accordingly, as it is not clear whether complete diversity exists among the parties, the Court will dismiss the amended complaint for lack of subject matter jurisdiction.

A district court should ordinarily allow a pro se plaintiff to amend his complaint, unless amendment would be inequitable or futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 113-14

---

[1] In the event that Departure Travel could be considered a proper party to this action, plaintiff has also failed to state Departure Travel's principal place of business.

3

(3d Cir. 2002). Accordingly, plaintiff will be given leave to file a second amended complaint in the event that he can cure the above deficiencies. An appropriate order follows.