IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JOHN MATHEWS : CIVIL ACTION
:
v. :
:
WESTIN WASHINGTON DULLES HOTEL, : NO. 13-143
et al. :

MEMORANDUM

DAVIS, J.                                                     MARCH    , 2013

Currently before the Court is plaintiff John Mathews's pro se second amended complaint. For the following reasons, the Court will dismiss the second amended complaint for lack of subject matter jurisdiction.

Plaintiff brought his initial complaint against the Westin Washington Dulles Hotel and Starwood, Inc., based on allegations that the defendants' employees violated his constitutional rights, defamed him, and caused him emotional distress during an event that plaintiff planned at the hotel. In a January 22, 2013 order, the Court granted plaintiff leave to proceed in forma pauperis, dismissed his constitutional claims with prejudice because none of the defendants are state actors for purposes of 42 U.S.C. § 1983, and granted him leave to file an amended complaint with respect to his state law claims because it was not clear whether diversity jurisdiction existed over those claims.

Plaintiff filed an amended complaint and added an additional defendant, Starwood Hotels & Resorts Worldwide, Inc. In a February 12, 2013 memorandum and order, the Court dismissed the amended complaint because plaintiff failed to fully plead the

1

citizenship of the defendants. Plaintiff was given leave to file a second amended complaint in the event that he could cure the jurisdictional defect.[1]

Plaintiff subsequently filed a second amended complaint against Westin Washington Dulles Airport and Starwood Hotels Resorts Worldwide Inc. Plaintiff identifies himself as a Pennsylvania citizen, alleges that Westin Washington Dulles Airport is "a US citizen incorporated in Virginia," and further alleges that Starwood, Inc. (presumably the entity identified in the caption as Starwood Hotels Resorts Worldwide Inc.) Is a "US citizen hotel incorporated in the state of Maryland." (Second Am. Compl. at 1.) However, plaintiff also alleges that the "defendants incorporate in Virginia and [Connecticut]." (Id.) The substantive allegations of the second amended complaint are essentially the same as the allegations in plaintiff's prior pleadings.

"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). The only possible basis for this Court's subject matter jurisdiction is diversity jurisdiction under 28 U.S.C. § 1332.[2] A federal district court has diversity jurisdiction over a case where "the matter in controversy exceeds

---

[1] The Court also dismissed any claims that plaintiff sought to bring on behalf of Departure Travel.

[2] Despite plaintiff's reference to "federal statutes," the Court cannot discern any basis for a federal claim. (Second Am. Compl. at 1.)

2

the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1).

Plaintiff has now been informed twice that a corporation is "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1); see Jan. 22, 2013 Order, at 2 (Document No. 4); Feb. 12, 2013 Mem., at 3 (Document No. 9). Nevertheless, his second amended complaint does not state either defendant's principal place of business. Accordingly, as it is not clear whether complete diversity exists among the parties, the Court will dismiss the second amended complaint for lack of subject matter jurisdiction.

As plaintiff was clearly instructed how to cure the jurisdictional deficiency in his pleadings, but has been unable to do so, the Court concludes that further attempts at amendment would be futile. The dismissal of this case is without prejudice to plaintiff's refiling his claims in state court in accordance with 42 Pa. Cons. Stat. § 5103(b). An appropriate order follows.